# LAW OFFICE OF
# RICHARD E. SIGNORELLI
## ATTORNEY AT LAW

52 Duane Street, 7th Floor, New York, New York  10007

Telephone:  (212) 254-4218   Cellular: (917) 750-8842   Facsimile: (212) 254-1396

rsignorelli@nycLITIGATOR.com℠

richardsignorelli@gmail.com

www.nycLITIGATOR.com℠

September 3, 2020

<u>Via Electronic Filing</u>

Hon. William H. Pauley III
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   <u>United States v Victor Phillips</u>
       19 CR 809 (WHP)

Dear Judge Pauley:

> Application granted.  Sentencing will be conducted via Skype as scheduled on September 24, 2020.  Defense to file sentencing submission by September 17, 2020 and Government to file by September 21, 2020.
>
> SO ORDERED:
>
> _____
> WILLIAM H. PAULEY III
> U.S.D.J.
>
> September 14, 2020

I am counsel for the defendant in the above-referenced case, Victor Phillips. Mr. Phillips is currently scheduled to be sentenced on September 24, 2020 at 2pm. I write in further support that Mr. Phillips be remotely sentenced as scheduled, and in reply to the Government's disappointing opposition that was filed two days ago.  Unfortunately, the Government has chosen to oppose what is a reasonable and necessary request to timely proceed safely with sentencing.

**<u>Voluntary and Knowing Waiver of Right to be Physically Present</u>**

Whether pursuant to the Cares Act or Rule 43 (c)(1)(B) of the Federal Rules of Criminal Procedure, Mr. Phillips is prepared to fully allocute to a voluntary and knowing waiver of his right to be physically present at his sentencing. Such a voluntary and knowing waiver would address any concern the Government or the Court may have about this issue.

**<u>Unsafe to Travel Until There is a Vaccine</u>**

Mr. Phillips is at high risk for developing serious complications from Covid due to multiple health conditions as set forth in paragraph 54 of the Presentence Report ("PSR") including hypertension. As a resident of Georgia, he would have to travel by airplane to attend an in person sentencing. Mr. Phillips would like to be sentenced as scheduled but by remote means because it will not be safe for him to travel from Georgia to New York City until there is an

actual and effective vaccine which is available to the public since Mr. Phillips is at high risk of experiencing serious complications including death from Covid. Traveling in an airplane presents one of the most unsafe environments for being infected with Covid and should probably be avoided by even those persons who are not at high risk for Covid complications. The defense position is based on science and facts as we know them about the highly contagious nature of Covid especially in indoor environments with multiple persons in close proximity and for lengthy periods of time. Masks reduce the risk but do not eliminate it. The Government's position is at odds with the science and facts and would gamble with Mr. Phillips' life for no sound reason whatsoever. This Court should swiftly reject the Government's risky proposal that Mr. Phillips travel to New York for an in-person sentencing.

### Not Proceeding Remotely Will Necessitate a Very Lengthy Delay of Sentencing

A safe and effective vaccine may not be widely available for a lengthy period of time, perhaps as long as a year or more.[1] Even waiting for the cessation of the 14-day quarantine requirement for Georgia residents traveling to New York could itself constitute a lengthy period of time. Given the incompetent and deadly handling of the Covid crisis by Georgia's Governor, perhaps the worst in the country which is saying something given some of the competition in other states, it seems likely that New York's quarantine requirement will be in effect for a lengthy period of time, perhaps until this is a vaccine. As noted above, given the combination of Mr. Phillips' underlying health conditions, the highly contagious nature of Covid, and the inherently unsafe nature of air travel, even when the quarantine requirement is terminated, it still would not be safe for him to travel until there is a provably safe and effective vaccine.

### Prejudice to Defendant by Not Timely Proceeding

Mr. Phillips would like to resolve this case in a timely manner, as currently scheduled, and will be prejudiced if the case does not timely proceed to its conclusion. He respectfully and reasonably objects to any further delay of his sentencing and to risking his health and life by traveling by air during a pandemic.

Mr. Phillips very timely pleaded guilty in this case back in February and would like to resolve this case as scheduled so that he can sooner move on with his life knowing what his punishment will be for his crime. As a matter of law and procedure, he has a right to be sentenced in a timely fashion. Mr. Phillips is a sensitive person and not a hardened criminal to say the least. The lengthy pendency of this case since his February guilty plea, along with the uncertainty of the details of how it will be resolved, is causing him considerable emotional distress. Understandably, he cannot adequately plan for his future regarding furthering his educational advancement and pursuing suitable employment opportunities, without first knowing

---

[1] For obvious reasons, I do not credit at all any politically motivated and mendacious statements emanating from the Executive Branch regarding how soon a safe and effective vaccine will be available.

how this case will be concluded. This is real prejudice that can be effectively avoided by proceeding as scheduled and remotely.

**No Prejudice to Government by a Timely and Remote Proceeding**

There is no actual and discernable prejudice to the Government by proceeding in a timely and remote manner. Indeed, as noted above, the Government should share the defendant's interest in proceeding in both a safe and timely manner.  Since March, criminal proceedings have been conducted effectively, successfully, and almost exclusively by remote means. The use of video in particular is an equivalent substitute of in- person proceedings. Whatever proffers of information the Government and the defense need to make in this case can be effectively accomplished by way of sentencing memoranda and argument at the remote sentencing, just like at an in-person sentencing.

**Defendant's Sentencing Exposure**

For the first time during the entire pendency of this case, the Government has disturbingly raised the possibility of requesting an above Guidelines sentence as an additional reason to have an in-person sentencing. The Government is wrong in several respects.

First and foremost, at least in the context of the issue of proceeding remotely and timely, the Government will be able to make whatever (and hopefully fact based) sentencing arguments it chooses to make just as if the sentencing were taking place in person.

Second, Mr. Phillips pleaded guilty to a *Pimental* letter that contains Guideline calculations which are undisputed in this case, with appropriate credit for timely acceptance of responsibility.  The total and undisputed Guideline range in this case is a Zone C split sentence of 10-16 months. When the Government provided its *Pimental* calculations to the defendant prior to this guilty plea proceeding, the Government was in possession of all relevant and material information including statements from Mr. Phillips cited in the Government's recent letter which I believe are taken out of context and misinterpreted, and do not otherwise impact the otherwise applicable sentencing range. It bears emphasizing that Mr. Phillips is not contesting his guilt in this case and in fact pleaded guilty at the earliest opportunity pursuant to the Government's own Sentencing Guideline calculations as set forth in the *Pimental* letter. Mr. Phillips and myself as his counsel understandably relied on the good faith of the Government in providing its *Pimental* calculations and we will continue to hold the Government to this high and appropriate standard.

Third, the Government now cites to two prior employment situations involving Mr. Phillips as being relevant for the imposition of a sentence including information it has provided me for the first time two days ago involving a Chase Bank position he held nine years ago even though they were in possession of this information last May (according to the documents just recently provided to me). To the extent relevant, the issues concerning his two prior employment positions can be addressed by the parties in its sentencing memoranda and at

3

the remote sentencing just as easily as if the proceeding were to take place in person. Be that as it may, this Court should know that, among other things, neither of these prior employment positions resulted in any criminal investigation, arrest, and prosecution, did not involve the taking of a bribe, did not involve any monetary loss to either bank, and did not involve Mr. Phillips earning or attempting to earn any ill-gotten gains. For example, the Chase situation involved an allegation that Mr. Phillips inaccurately claimed he audited (counted) money in a particular teller drawer but no allegation of any actual fraud or theft whatsoever. The incident with the other bank, PNC, involved Mr. Phillips not following all procedures in vetting a prospective customer of the bank including conducting an in person interview. Mr. Phillips lost his positions with these two institutions but that is a far cry that he should lose his liberty over such unrelated and arguably non-criminal conduct, a position that the Government seems to be actually taking in this case at the present time. Ultimately, it will be up to this Court to determine the relevance and materiality of such incidences as takes place in every sentencing proceeding.

Finally, it should be noted just how rare the Government's contemplated action here is in requesting an above Guidelines sentence. In my entire legal career, I cannot recall a single example of such a request in any of my other cases. The Government should take a step back here and seriously consider whether this is a case that warrants such an extreme position even though I am respectfully confidant it would be swiftly rejected by the Court if the Government actually went ahead to request a sentence above the range to which the defendant pleaded guilty pursuant to the Government's own *Pimental* calculations and the complete absence of any newly discovered relevant and material information since such calculations were provided to the defense by the Government.

**Probation Office's Recommended Sentence of Time Served**

For good reason, the Probation Office has recommended a sentence of time-served in this case which would be a relatively modest downward variance from the otherwise applicable and undisputed split sentence of 10-16 months. The Government seems to argue that the Probation Office's recommended sentence of time served was somehow based on incomplete information. The Government has unfortunately misstated the situation here.

First, by the time the final disclosure of the PSR was filed with the Court including the time-served recommendation, the Government was in possession of all necessary discovery including the recorded communications and the records of Mr. Phillips' prior bank employment positions. Indeed, the Government provided details of one of these prior positions at PNC bank to the Probation Office prior to the filing of the final disclosure and at the very least was in possession of information pertaining to the other involving Chase (the audit of the teller drawer situation).

Second, the Government largely ignores the significant 3553(a) mitigating factors present in this situation that more than justify the Probation Office's recommendation of a time-served sentence including the following which will be addressed in the defense memorandum:

4

A. Already starting advisory Guideline sentence of 10-16 months which provides for a split sentence, so only a minor downward variance is needed for a probationary sentence.

B. Mr. Phillips is at high risk for Covid complications given his high blood pressure and other medical conditions. Even a several month prison or community confinement sentence could cause serious harm or death.

C. Mr. Phillips accepted full responsibility at a very early point in the case in February, and he remains the only defendant to date to have pleaded guilty.

D. Non-violent nature of the offense and the absence of any weapons possession.

E. Loss amount of $15,500 is near to the bottom of the loss range of $15,000-40,000 and offense conduct involved one account (opened on two occasions). As a reminder, this prosecution was a product of a Government sting and it was the Government which controlled the loss amount going just above this applicable loss range.

F. Very minimal criminal record consisting of a DUI for which he receives one criminal history point and a long ago bounced $30 check case that should not have involved the criminal justice system.

G. Post Arrest substantial rehabilitation consisting of 1) complete compliance with the terms and conditions of his pre-sentence release; 2) educational advancement at Liberty University by obtaining his BA degree and now in the process of obtaining his Masters Degree in Business Administration (remotely); 3) holding lawful employment with Spark Business Academy (remotely); and 4) volunteering to help the less fortunate when safe.

**Maintenance of Current Attorney-Client Relationship**

As noted, proceeding as scheduled will ensure that I will be able to represent my client through to the conclusion of this case before I have to undergo additional, probable, and serious orthopedic reconstructive surgeries with an uncertain outcome. I would like to continue representing my client through to the end of his case as scheduled and he would like me to do so. The delay of this case could very well require the appointment of another CJA attorney which should be avoided given the effective attorney-client relationship that presently exists.

**Parties are Prepared to Proceed as Scheduled**

As noted, the Probation Office has filed its final report and recommendation. All

that remains to be filed are the sentencing memoranda of the parties on a date suitable to the Court. There has been no argument from the Government that they are not prepared to proceed as scheduled, just their preference for an in-person proceeding. For its part, the defense is ready to proceed as scheduled.

* * * * *

It would be manifestly unjust to (1) require Mr. Phillips to travel in an airplane for his sentencing proceeding when it is not safe for him to do so and could result in serious illness or death, (2) adjourn his sentence for a very lengthy period of time when we are prepared to proceed later this month as scheduled, and (3) interfere with an effective attorney-client relationship given my probable unavailability as his counsel after September 24, 2020. Whatever arguments the parties need to make in connection with this sentencing proceeding can be done as easily by remote means as by an in-person proceeding.

Accordingly, I respectfully request that Mr. Phillips be sentenced as currently scheduled on September 24, 2020 at 2pm by remote means with a preference for a video proceeding and that the Court set a date by which it would like the filing of the sentencing memoranda from the parties.[2] Thank you for your consideration of this request.

Respectfully,

/s/ Richard E. Signorelli

Richard E. Signorelli

cc (via email):
Jonathan McCann, Courtroom Deputy
AUSA Andrew A. Rohrbach
AUSA Jonathan Rebold
Kiersten A. Fletcher
U.S. Probation Officer Sandra Velez-Garcia
Mr. Victor Phillips

---

[2] Since the parties are aware of each other's sentencing arguments, this may be a case in which the filing of sentencing memoranda can take place on the same date as opposed to one filing following the other. I would respectfully propose that the filing of the sentencing memoranda take place on September 17 if convenient for the Court, one week prior to the scheduled sentencing.